IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICK SOBER and )
KIMBERLY SOBER, )
 )
            Plaintiffs, )
 )
      vs. ) No. CIV-18-736-C
 )
COLUMBIA NATIONAL )
INSURANCE CO., )
 )
            Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present action asserting claims for breach of contract and bad faith, arguing that Defendant failed to properly and reasonably evaluate their claim and timely make payments under uninsured motorist benefits. Defendant has filed a Motion for Partial Summary Judgment, arguing that it is entitled to judgment on Plaintiffs' claim for breach of the duty of good faith and fair dealing.

On October 9, 2012, Mr. Sober was involved in an accident with Ms. Lacey Todd. Neither party reported an injury and neither party appeared injured to the officer who investigated the accident. Approximately two months after the accident, Mr. Sober went to see his chiropractor complaining of pain in his back, neck, and right leg. The chiropractor saw Mr. Sober five times between December 3rd and December 12th, and noted that at the end of the last appointment there was significant improvement. According to the chiropractor's notes, Mr. Sober's back

and right leg pain were completely resolved and his neck pain was significantly improved.

On December 14, 2012, Mr. Sober underwent an elective colonoscopy. On the way home from that procedure, Mr. Sober noted he was hungry and asked his wife to pull over and stop at McDonald's. After eating a few bites of food, he began to feel ill, so Mrs. Sober pulled over and stopped the car. Mr. Sober unbuckled his seat belt, opened his door, and leaned out. He then fainted, falling face first to the ground. Immediately following the fall, Mr. Sober had paralysis in his upper and lower body and could not move. He was transported by ambulance to Ponca City Medical Center and then medi-flighted to St. John's Medical Center in Tulsa. He was found to have a spinal contusion from the C2 vertebrae all the way down to the C5, with acute onset of loss of motor function. As a result of the December 14th fall, Mr. Sober is paralyzed from his neck down. Mr. Sober then retained counsel who made notice to Defendant of a potential uninsured motorist claim arising from the October 9, 2012, accident with Ms. Todd.

After obtaining medical records from Plaintiffs' attorney and Mr. Sober's medical providers, Defendant submitted that information to a board-certified neurologist, Dr. Mark Fisher, and Dr. Fisher presented his opinion in a report back to counsel for Defendant. In that report, Dr. Fisher opined that Mr. Sober's

paralysis was the result of the fall and was not related to the earlier auto collision with Ms. Todd. Plaintiff provided some additional statements from family members who discussed Mr. Sober's injury with the physician treating him shortly after his fall. Based on those affidavits, Dr. Fisher made some slight adjustments to his opinion, but continued to hold to the opinion that the auto accident did not cause the paralysis, but the paralysis arose solely as a result of the fall from the car. Ultimately Defendant denied any responsibility for payment of the claim and this litigation ensured. As noted, Defendant now seeks summary judgment on Plaintiffs' bad faith claim.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Defendant argues it is entitled to summary judgment on the bad faith claim because a legitimate dispute exists as to whether or not there is coverage. Defendant relies on the Tenth Circuit's statement in Oulds v. Principal Mutual Life Insurance Co., 6 F.3d 1431, 1436 (10th Cir. 1993) (quoting McCoy v. Oklahoma Farm Bureau Mutual Insurance Co., 1992 OK 43, ¶ 21, 841 P.2d 568, 572), where

4

the Tenth Circuit stated, "[t]he insurer will not be liable for the tort of bad faith if it 'had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy.'" Defendant also notes that the Oklahoma Supreme Court in Badillo v. Mid Century Insurance Co., 2005 OK 48, ¶ 28, 121 P.3d 1080, 1093-94, stated even an erroneous claim denial will not give rise to bad faith liability where it is based upon a good faith belief and some justifiable reason for the denial. Here, Defendant argues that it had a good faith belief that it had a justifiable reason for withholding payment of the UIM claim. In support, Defendant points to the reports of Dr. Fisher indicating no causal connection between the auto accident and the subsequent spinal cord injury. Defendant notes that it is entitled to a jury determination that Dr. Fisher is incorrect and that in fact Mr. Sober's paralysis did arise from injuries received in the collision with Ms. Todd, before it is obligated to make a UIM payment.

The Court finds Defendant's position well supported. The Oklahoma Supreme Court has noted that the Court is charged with serving as the gate-keeper and must make a first determination of whether or not the insurance company's conduct can be considered tortious. Garnett v. Gov't Emp.'s Ins. Co., 2008 OK 43, ¶ 22, 186 P.3d 935, 944. In its role as gatekeeper, the Court considers Plaintiffs' theory of liability.

Plaintiffs' argument that Defendant acted in bad faith in denying the UIM claim is that Mr. Sober had a medical condition which made him more susceptible to the fall and that the earlier accident exacerbated that condition. The combination of these factors made paralysis a more likely event when he fell out of the car. There is evidence in the record to support Plaintiffs' argument. Plaintiffs then rely on Atherton v. Devine, 1979 OK 132, 602 P.2d 634, where the Oklahoma Supreme Court held that a tort-feasor is liable for damages caused by negligent medical treatment performed as result of their negligence. On this precedent, Plaintiffs' argue that Defendant is responsible for the negligent medical treatment provided by the chiropractor. Plaintiffs argue Defendant's failure to accept this theory and pay the UIM claim is bad faith. It is here that Plaintiffs stretch the duty imposed on Defendant too far. It may well be that a jury would agree with Plaintiffs that this sequence of events is what caused Mr. Sober's injury. That, however, does not give rise to a claim for bad faith on Defendant's part for taking the alternative position. Indeed, the Atherton issue, as Plaintiffs term it, is relevant on the claim for the breach of the contract; that is, does Defendant owe payment under the policy? However, the existence of the question of fact that Atherton creates on the contract issue negates any duty by Defendant to pay without resolution of the dispute. As

the Oklahoma Supreme Court stated in Christian v. Am. Home Assur. Co., 1977 OK 141, 577 P.2d 899:

> We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.

Id. at 904–05.

Even assuming Plaintiffs have met their burden of establishing a prima facie case of bad faith, Defendant has countered that showing by providing proof of a legitimate dispute as to coverage. The burden now shifts to Plaintiffs to demonstrate additional evidence of bad faith. See Timberlake Constr. Co. v. U.S. Fid. & Guar. Co., 71 F.3d 335, 344 (10th Cir. 1995). Plaintiffs have not met this burden. While ultimately a jury may determine that the injuries from the chiropractic care, received as a result of the accident with Ms. Todd, did exacerbate Mr. Sober's pre-existing medical condition and make him more likely to suffer paralysis from the fall, no reasonable juror could find that Defendant was required to reach that conclusion. Thus, there can be no viable bad faith claim. Id.

## CONCLUSION

Consequently, Defendant's Motion for Partial Summary Judgment (Dkt. No. 53) is GRANTED and judgment will be entered at the conclusion of this case on Plaintiffs' claims for bad faith and punitive damages.

IT IS SO ORDERED this 9th day of October, 2019.

ROBIN J. CAUTHRON
United States District Judge